### UNITED STATES of America

### v.

### Charles Addison COCKRELL

### No. 4:03–CR–337A.

United States District Court,
N.D. Texas,
Fort Worth Division.

Jan. 18, 2005.

Jeanette Mercado, Federal Public Defender, Fort Worth, TX, for Defendant.

David L. Jarvis, US Attorney's Office, Fort Worth, TX, for Plaintiff.

### *ORDER*

MCBRYDE, District Judge.

On January 14, 2005, the Clerk of the United States Court of Appeals for the Fifth Circuit, acting on the order of a three-judge panel consisting of Circuit Judges Emilio M. Garza, Harold R. De-Moss, Jr., and Edith Brown Clement, granting a writ of mandamus, issued an order directing the undersigned, as the judge presiding over the above-captioned case, to dismiss the December 17, 2003, indictment in this case. This court has no choice but to comply, and is doing so by this order.

The Fifth Circuit panel's order is the culmination of activities of the prosecuting attorney, Assistant United States Attorney David Jarvis ("AUSA Jarvis"), that commenced on December 23, 2004, to bring about dismissal of the indictment he had caused the grand jury to return in this action on December 17, 2003. The court refers to, and here adopts in this order by reference, the Memorandum Opinion part of the Memorandum Opinion and Order (Amended) the court signed January 12, 2005. The Memorandum Opinion gives the procedural background, and provides an explanation of why this court declined to dismiss the indictment. The Procedural Background section ends with a recitation that, at the conclusion of a hearing held the morning of January 10, 2005, on the government's motion to dismiss the indictment, the court announced that the motion was being denied and that a memorandum opinion and order setting forth the reasons for the denial would be forthcoming. The trial then commenced the morning of January 10 with voir dire questioning of the jury panel.

At the beginning of, or sometime during, the voir dire questioning, counsel for the government interrupted, and presented to the court a request that the trial be stopped so that the government could seek an order from the United States Court of Appeals for the Fifth Circuit directing this court to grant the government's motion to dismiss the indictment. The court declined to stop the trial. Immediately

thereafter, apparently, the government filed with the United States Court of Appeals for the Fifth Circuit a petition for writ of mandamus asking the Fifth Circuit to direct the court to dismiss the indictment, and a motion asking the Fifth Circuit to prevent the trial from going forward pending a ruling on the government's petition. The trial proceeding was again interrupted when AUSA Jarvis informed the court that the Department of Justice had told the U.S. Attorneys Office that, if it proceeded to trial, the government would be in violation of the *Petite* policy. AUSA Jarvis was not able to identify by name or job title the person with the Department of Justice who purportedly conveyed that message. AUSA Jarvis told the court that the government declined to proceed with the trial. When the court informed AUSA Jarvis that he would have to decide what to do because the court did not plan to order the government to proceed to trial, AUSA Jarvis continued to participate in the trial.

The trial was short. It was almost completed the early afternoon of January 10. After all of the evidence in the trial had been received, both sides had closed, the court's charge had been prepared, and agreed upon, by counsel, AUSA Jarvis had completed the opening part of his final argument to the jury, and the court had called on counsel for defendant to make her argument, counsel for the government approached the bench to hand the undersigned a copy of an order that had been issued that day by the Fifth Circuit panel, which read, in its entirety, as follows:

For the reasons stated in the government's motion to dismiss the indictment and in its motion for stay, this Court:

a. Grants the motion of the government to stay all further proceedings in No. 4:03–CR–337–A pending in the Fort Worth Division of the Northern District of Texas;

b. Concludes that the district judge has exceeded the bounds of his discretion under Rule 48(a) in denying the government's motion to dismiss the indictment in No. 4:03–CR–337–A. Accordingly, unless the district court dismisses the indictment Against [sic] Cockrell in such case within three days of the date of issuance of this order, then a writ of mandamus directing the district court to grant the motion to dismiss shall issue forthwith on the fourth day after issuance of this order; and

c. Relies for authority in issuing this order on (i) the decision of the U.S. Supreme Court in *Rinaldi v. U.S.*, 434 U.S. 22, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977) and (ii) the decision of this Court in *In Re: United States of America*, No. 92–179 (January 27, 1994).

*In re United States of America*, No. 05–10023, slip op. at 1–2 (5th Cir. Jan. 10, 2005).

The Fifth Circuit panel issued its January 10 order without seeking any explanation from this court as to why it had denied the motion to dismiss and without having any communication whatsoever with this court. The Fifth Circuit panel not only granted the motion to stay the trial, but effectively granted the relief sought by the petition for writ of mandamus on an *ex parte* basis, relying solely on material presented to the panel by the government without affording the district court any opportunity to respond.

Promptly upon receiving a copy of the Fifth Circuit panel's order, the court directed the jury to go to the jury room, and communicated with a member of the staff of the Fifth Circuit by telephone, inquiring as to whether the Fifth Circuit panel would be willing to hear from the court in

a conference call. After the staff member apparently had consulted with one or more of the members of the Fifth Circuit panel, he informed the court that telephone communication between the court and a member or members of the panel would not be permitted, but that the panel would receive a written response of the court if it was filed sometime within the following three days. Then, the court had the jury and counsel return to the courtroom, and informed the jury that the trial was in extended recess. The court excused counsel, and went to work on the memorandum opinion the court had indicated earlier that day would be forthcoming.

On January 11, 2005, this court transmitted to the Fifth Circuit a Memorandum Opinion and Order that was basically the same as the amended one (signed January 12) mentioned on the first page of this order, together with a response making the following suggestions to the Fifth Circuit panel:

> The undersigned respectfully suggests that, at the least, he be permitted to proceed with completion of the trial. Thereafter, if defendant is found guilty by the jury, the Court can study the record in a more leisurely fashion and make a fully informed evaluation as to whether the undersigned abused his discretion in denying the government's motion to dismiss. If, after such a review, the Court persists in its conclusion that the undersigned exceeded the bounds of his discretion under Rule 48(a) in denying the motion to dismiss, and so rules, the undersigned could be informed by the Court that within a specified period of time the indictment should be dismissed. That could be done as effectively after the jury has returned its verdict as before. On the other hand, of course, if the Court concludes that the undersigned did not abuse his discretion, the trial will not have been aborted.

Resp. of Dist. Ct. to Pet. for Writ of Mandamus at 3–4, *In Re: United States of America,* No. 05–10023 (5th Cir.2005). Then, on January 12, 2005, the court transmitted to the Fifth Circuit panel by expedited means the amended version of the court's January 11, 2005, Memorandum Opinion and Order for the purpose of more fully presenting to the Fifth Circuit the court's reasons for denying the motion to dismiss.[1]

Because of uncertainty as to when, if ever, the trial would resume, the court arranged for the jury clerk in the office of the clerk of this court to convey by telephone to each member of the jury the afternoon of January 13 the court's apologies for the disruption of the trial, uncertainty when the jury would be asked to return to the courthouse, and assurance that they would not be required to return to the courthouse before Tuesday, January 18. Before causing the message to be given to the jurors, the court sent the text of the message to the Fifth Circuit panel by expedited means for its information,

---

1. In the January 12, amended Memorandum Opinion and Order this court made reference to the prosecutor's "undisclosed reasons for seeking dismissal." Jan. 12, 2005, Mem. Op. & Order (Amended) at 32, 353 F.Supp.2d 762, 776. The court's information is that the office of the United States Attorney has had plans to move AUSA Jarvis from the Fort Worth Division to another division of this court. Since preparing the January 12, Memorandum Opinion and Order, the court has been informed that this case was the last case pending on AUSA Jarvis's Fort Worth docket, and that its pendency delayed for one week AUSA Jarvis's move to another division. Apparently other attorneys recently have departed the Fort Worth office of the United States Attorney, leaving it severely short-handed. The court cannot overlook the possibility that the motion to dismiss AUSA Jarvis filed on December 23 was a ruse designed to help AUSA Jarvis and the United States Attorneys Office clean up his docket so that he could be moved to another place.

and obtained telephone approval from AUSA Jarvis and defendant's attorney of the text of the message.

On January 13 the Fifth Circuit panel issued an order denying the request the court had made in its January 11 response that it be permitted to conclude the trial. No explanation was given by the Fifth Circuit panel for that ruling. In the same order, the Fifth Circuit panel granted the government leave to file a tendered reply to the court's response to the petition for writ of mandamus.

Having heard nothing further from the Fifth Circuit panel the afternoon of January 13, this court sent by expedited means to the Fifth Circuit panel a Notice of District Court's Intent, which was worded as follows:

> By the January 10, 2005, order of the United States Court of Appeals for the Fifth Circuit in the above-captioned proceeding, the district court was informed that "unless the district court dismisses the indictment against Cockrell ... within three days of the date of issuance of this order, then a writ of mandamus directing the district court to grant the motion to dismiss shall issue forthwith on the fourth day after issuance of this order."

The district court respectfully declines to dismiss the indictment against Cockrell. For the reasons explained in detail in the amended memorandum opinion and order the district court signed January 12, 2005, a copy of which has been supplied to the Fifth Circuit, dismissal of the indictment would, in the view of the district court, violate the responsibility and trust reposed in the district court by the Supreme Court and Congress by Rule 48(a) of the Federal Rules of Criminal Procedure, authorizing the district court to deny, in appropriate circumstances, dismissal of an indictment. Of course, if the district court is

ordered by this Court to dismiss the indictment, the district court will comply with the order.

At approximately 3:30 p.m. on January 14, 2005, the district court received from the Fifth Circuit by expedited means an order issued that date by Circuit Judges Garza, DeMoss, and Clement, saying, without any explanation, that "IT IS ORDERED that the petition for writ of mandamus is GRANTED." The order was accompanied by a writ of mandamus issued that date by the clerk of the Fifth Circuit ordering the undersigned to dismiss the indictment. Pursuant to that order, the indictment is being ordered dismissed.

The court ORDERS that the indictment returned by the grand jury in this case on December 17, 2003, be, and is hereby, dismissed as required by the January 14, 2005, order of the United States Court of Appeals for the Fifth Circuit.